1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SUSAN MASI,                              No.  2:19-cv-00121-KJM-EFB

12                  Plaintiff,

13          v.                                 <u>ORDER</u>

14    J & J MAINTENANCE, INC.,

15                  Defendant.

16

17    THE HARTFORD ACCIDENT AND
      INDEMNITY COMPANY,

18                  Intervenor.

19

20    J & J MAINTENANCE, INC.,

21                  Third Party Plaintiff,
      v.
22

23    UNITED STATES OF AMERICA,

24                  Third Party Defendant.

25

26          The United States, as third-party defendant, moves to remand this action to the

Superior Court of California for the County of Solano.  Mot., ECF No. 10-1.  The motion is
27
      unopposed by all parties.  ECF Nos. 12 (Masi non-opposition), 13 (J & J non-opposition), 15
28

                                              1

(The Hartford non-opposition).  Although the motion is unopposed, the court briefly considers the propriety of remand, and, for the reasons stated below, GRANTS the motion.

I.    BACKGROUND

Plaintiff Susan Masi initiated this personal injury action in Solano County Superior Court on August 22, 2017.  Not. of Removal, ECF No. 1, Ex. A (Compl.).  Masi alleges that while working at the David Grant Medical Center as a contract surgical circulating nurse, she sustained injuries when cleaning staff, employed by defendant J & J Maintenance, Inc. ("J & J"), negligently poured cleaning solution on the floor of the operating room where she worked, causing her to slip and fall.  Compl. ¶ 5.  Masi served J & J with a copy of the complaint on September 1, 2017, and J & J answered on October 19, 2017.  Scarborough Decl., ECF No. 10-2 ¶ 3, Ex. A (Solano County case docket).[1]  On October 29, 2018, The Hartford filed a complaint in intervention based on its obligation to pay on J & J's behalf for Masi's alleged injuries.  Not. of Removal, Ex. C (Intervention Compl.).

On January 16, 2019, J & J removed the action to this court based on diversity jurisdiction.  Not. of Removal at 3–4.  The notice of removal claims the matter was timely removed under the exception set forth in 28 U.S.C. § 1446(b)(3) because "defendant has filed a counter claim against the Untied States and accordingly, the 30-day period has not begun."  *Id.* at 4.  On January 17, 2019, J & J filed a "cross-complaint" naming the United States as defendant and asserting claims for negligence, comparative and equitable indemnity, contribution and declaratory relief.  Cross-Compl., ECF No. 2.  On June 13, 2019, J & J served the cross-complaint on the United States.  ECF No. 8 at 2.

On July 15, 2019, the United States moved to remand the matter back to Solano County Superior Court, arguing this court lacks jurisdiction because removal is untimely and, even if it were not, only the United States is permitted to remove a matter in which it is involved.  Mot. at 3–4.

---

[1] The court takes judicial notice of these state court records.  *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of undisputed matters of public record, "including documents on file in federal or state courts").

2

II.    DISCUSSION

        Under 28 U.S.C. § 1446(b)(3), if a case cannot be removed based on the initial

pleading, it may nonetheless become eligible for removal if an amended pleading creates new

grounds for removal.  However, § 1446(b)(3) is subject to the limitations of subsection (c)(1),

which provides:

> A case may not be removed under subsection (b)(3) on the basis of
> jurisdiction conferred by section 1332 [diversity jurisdiction] more
> than 1 year after commencement of the action, unless the district
> court finds that the plaintiff has acted in bad faith in order to prevent
> a defendant from removing the action.

*Id.*   In other words, if removability is predicated on diversity jurisdiction, absent bad faith, a

party has one year from the inception of the case in state court to remove the action to federal

court, regardless of whether a subsequent amendment creates new basis for removal.

        Masi initiated this action in Solano County Superior Court on August 22, 2017.

Compl. at 1.  Accordingly, the deadline to remove the action to federal court was August 22,

2018.  J & J removed the action on January 16, 2019, citing diversity as the basis for federal

jurisdiction and making no claim plaintiff acted in bad faith to prevent removal.  *See generally*

Not. of Removal.  Therefore, in light of the August 22, 2018 deadline, J & J's removal was

approximately five months late.  Because removal was untimely, this court lacks jurisdiction.

        Moreover, to the extent there is any question as to untimeliness, 28 U.S.C. § 1442

vests the United States, as a defending party, with exclusive removal power.  *Id.* § 1442(a)–(1)

("A civil action  . . . commenced in a State court and that is against or directed to [the United

States] may be removed by them to the district court . . . .");  *Pac. Far E. Line, Inc. v. Ogden

Corp.*, 425 F. Supp. 1239, 1242 n.2 (N.D. Cal. 1977) (noting non-government defendants would

lack standing to remove under § 1442 because "[w]hen an action of the sort specified in § 1442 is

brought against a federal officer and others, even the most literal reading would permit the federal

officer *alone* to remove . . . " (emphasis added)).  Therefore, because it was J & J that initiated

removal, and the United States has not consented to or participated in removal to this court,

removal was improper.

3

1        Finally, jurisdiction aside, because all parties agree this action belongs in Solano

2 County Superior Court, the court finds there are no factors that compel retention of the matter in

3 this court given non-opposition to the motion. *See Deuschel v. UC Regents Med. Centers UC Los*

4 *Angeles*, No. 2:18-CV-09616-ODW (PLAx), 2019 WL 1057046, at *2 (C.D. Cal. Mar. 6, 2019)

5 (granting unopposed motion to remand based on deficient removal and in consideration of

6 *Ghazali*[2] factors).

7        For these reasons, the United States' unopposed motion to remand is GRANTED.

8 III.    <u>CONCLUSION</u>

9        The United States' motion to remand, ECF No. 10, is GRANTED. This matter is

10 remanded to the Superior Court of California for the County of Solano. All currently set

11 deadlines and hearings in this matter are VACATED and the Clerk of Court is directed to close

12 the case.

13        IT IS SO ORDERED.

14  DATED: October 10, 2019.

15

16 _____
          UNITED STATES DISTRICT JUDGE

17

18

19

20

21       [2] In *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995), the court considered the propriety of dismissal in light of the pro se plaintiff's failure to respond to defendants' motion to dismiss. In considering dismissal for non-opposition to a motion to dismiss, as permitted by a court's local

22 rules, *Ghazali* explained that the district court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

23 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v.*

24 *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Courts have considered these same factors in the

25 context of an unopposed motion to remand. *See, e.g., Deuschel v. UC Regents Med. Centers UC Los Angeles*, 2019 WL 1057046, at *2 ("[B]ecause it is clear that the [removal] is deficient,

26 expending additional time and effort is not the most efficient use of court resources."); *Robichaux v. Fid. Nat. Ins. Co.*, No. CV-12-02464-PHX-GMS, 2013 WL 356902, at *1 n.1 (D. Ariz. Jan. 29,

27 2013) (noting grounds for remand based on non-opposition alone (citing *Ghazali*, 46 F.3d at 53–

28 54)).